```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

SAFECO INSURANCE COMPANY OF AMERICA,

            Plaintiff,

vs.                              Case No.   2:07-cv-760-FtM-29DNF

TARRAGON CORPORATION,

            Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. #12) and plaintiff's Verified Emergency Motion to Require Deposit of Collateral Security (Doc. #14)[1]. Responses (Docs. #17, 18) were filed, and the Court heard oral argument on September 15, 2008.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must

---

[1] Plaintiff also filed Notices of Supplemental Authority in Support of Motion to Require Deposit of Collateral Security (Docs. ## 20, 24) and defendant filed a Response (Doc. #28).

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II**.

On June 15, 2006, third-party Soares da Costa Construction Services, LLC (Soares), as general contractor, recorded a construction lien against defendant Tarragon Corporation (Tarragon or defendant) asserting that it had not been paid $1,203,044.97 due

on a certain condominium project. On or about August 17, 2006, Defendant Tarragon Corporation (Tarragon or defendant) executed a General Agreement of Indemnity (the Indemnity Agreement) in favor of plaintiff Safeco Insurance Company of America (Safeco or plaintiff). Pursuant to the Indemnity Agreement, (Doc. #1-5), Tarragon agreed to pay Safeco:

> 1. All loss and expense, including reasonable attorney fees, incurred by [Safeco] by reason of having executed any Bond or incurred by it on account of any breach of this agreement by [Tarragon], or by reason of the refusal to execute any Bond;
>
> 2. An amount sufficient to discharge any claim made against [Safeco] on any Bond. This sum may be used by [Safeco] to pay such claim or be held by [Safeco] as collateral security against loss on any Bond;
>
> 3. Any premium due for any Bond, computed according to the rates currently charged by [Safeco], including renewal premiums until proof satisfactory to [Safeco] is furnished of its discharge from liability under any Bond.

(Doc. #1-5, p. 3.) Safeco then issued a Lien Transfer Bond pursuant to Fla. Stat. § 713.24 based on the Indemnity Agreement in the amount of $1,828,628.35.

Soares filed a lawsuit in the Twentieth Judicial Circuit Court, in and for Lee County, Florida against Tarragon and Safeco. That suit is still pending. Safeco made several letter demands for Tarragon to honor its obligations under the Indemnity Agreement by indemnifying Safeco for its losses and to provide collateral security equal to the amount of the claim. Tarragon failed to do so. In its Complaint (Doc. #1), Safeco asserts a claim for breach of the Indemnity Agreement, *Quia Timet* based on the future monies

that may be demanded based on the bond, exoneration, and specific performance on the Indemnity Agreement.

### III.

**A. Amount in Controversy:**

Defendant Tarragon argues that this Court lacks subject matter jurisdiction because, while the parties have diverse citizenship, plaintiff has failed to adequately plead damages in excess of $75,000.00. The Complaint alleges an amount in controversy in excess of the $75,000 requirement (Doc. #1, ¶3), and if such an allegation is made in good faith the Complaint cannot be dismissed unless it appears to a legal certainty that recovery cannot exceed the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Broughton v. Florida Int'l Underwriters, Inc., 139 F.3d 861, 863 (11th Cir. 1998); Continental Cas. Co. v. Department of Highways, La., 379 F.2d 673, 674-75 (5th Cir. 1967).[2] The value of the object of the litigation is determined from the viewpoint of plaintiff. Ericsson GE Mobile Communs. v. Motorola Communs. & Elecs., 120 F.3d 216, 219-20 (11th Cir. 1997). The controversy involves a transfer lien with a face value in excess of $1.8 million; the Soares lien is for in excess of $1.2 million (Doc. #1-2) and plaintiff alleges that it "is at risk of being found liable for the amount sought in the Soares

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Litigation" (Doc. #1, ¶ 20); Safeco had sent demand letters seeking in excess of $1.8 million from Tarragon; and not counting the Holland & Knight attorney fees (which are no longer at issue), the Complaint asserts an entitlement to unspecified other attorney fees and costs incurred. It is clear that plaintiff has not shown to a legal certainty that the amount in controversy is less than $75,000 exclusive of interest and costs. Accordingly, the portion of defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

**B.  Failure to State a Claim: Breach of Contract**

Defendant also argues that Count I, Breach of Indemnity Agreement, fails to state a claim because it fails to allege a breach or damages. The Court disagrees. The Complaint sets forth the alleged breaches (Doc. #1, ¶ 21) and alleges that defendant is liable for all loss and expenses Safeco has or may incur as a result of the Soares Litigation (Doc. #1, ¶22) and seeks damages in the "Wherefore" clause. Therefore, the Court finds that Count I does not fail to state a claim.

**C.  Failure to State a Claim: Quia Timet**

Defendant also argues that the Count II for quia timet fails to state a claim. *Quia timet* "allows a person to seek equitable relief from future probable harm to a specific right." Black's Law Dictionary 1260 (7th ed. 1999). "[W]ithout proof that the surety realistically faces loss under the performance bond and is in

jeopardy," *quia timet* relief is not appropriate. <u>Transamerica Premium Ins. Co. v. Cavalry Constr., Inc.</u>, 552 So. 2d 225, 227 (Fla. 5th DCA 1989).

The Complaint alleges that Safeco "may be called upon in the future to pay" debts; that unless granted relief, Safeco "will not be adequately paid, secured, and/or collateralized for potential obligations prior to making any necessary and appropriate payments"; that defendant had failed to reimburse Safeco for damages suffered to date or collateralize Safeco for potential liability; that Tarragon has experienced financial difficulties of late and has liquidated $91 million in real property assets; that if relief is not granted, Tarragon "may continue to sell, transfer, dispose of, or otherwise divert assets, thereby preventing Safeco's access to these assets"; Safeco is "without a plain, speedy, or adequate remedy at law, and will be irreparably and permanently injured"; and Safeco "is threatened with having to make payments to satisfy this claim." (Doc. #1, ¶¶ 25, 29-32.) The Court finds these allegations are sufficient to satisfy the federal pleading standard.

**D. Failure to State a Claim: Exoneration**

Defendant argues that Count III for exoneration fails to state a claim. Exoneration is "the proper remedy once liability has matured and the principal has defaulted on his debt to the creditor." <u>Borey v. National Union Fire Ins. Co. Pittsburgh, Pa.</u>,

934 F.2d 30, 32-33 (2d Cir. 1991). See also Northwestern Nat'l Ins. Co. of Milwaukee, Wis. v. Alberts, 937 F.2d 77, 80 (2d Cir. 1991)(Exoneration is "the right of a surety to compel its principal to pay for debt for which the surety's liability already has matured.")  In this case, Safeco alleges that at least part of its liability as the surety has matured.  (Doc. #1, ¶¶ 12, 17.) Therefore, the motion to dismiss will be denied.

**E.  Failure to State a Claim: Specific Performance**

Defendant argues that the specific performance claim in Count IV fails to state a claim.  "The general rule is that where a party has a complete and adequate remedy at law and fails from any cause to rely on it, he will not be permitted to assert it in equity in the absence of a showing as to fraud, accident or mistake or by circumstances beyond his control."  American Sur. Co. of NY v. Murphy, 13 So. 2d 442, 443 (Fla. 1943)(citations omitted). Tarragon argues that the Complaint fails to plead the absence of an adequate remedy at law, and that an adequate remedy at law exists. The Complaint clearly alleges that "Safeco has no adequate remedy at law to enforce its rights," Doc. #1, ¶ 43, and the Indemnity Agreement specifically allows for such a claim.  (Doc. #1-2, General Provisions, ¶ 5.)  Additionally, alternative pleading is permitted under Federal Rules of Civil Procedure 8(a)(3) and (d). Therefore, the Court finds that the motion should be denied as to Count IV.

**IV.**

Plaintiff seeks an order requiring defendant to deposit collateral security in the amount of approximately $1.8 million pursuant to a provision of the Indemnity Agreement. Such a collateral security clause is enforceable in equity, but plaintiff must clearly establish a basis for it. Transamerica Premium Ins. Co. v. Cavalry Construction, Inc., 552 So. 2d 225, 226-27 (Fla. 5th DCA 1989). The Holland & Knight fee dispute has been resolved, and the Court concludes that the remaining factual allegations do not satisfy plaintiff's burden. Accordingly, the motion will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss and Alternative Motion for More Definite Statement (Doc. #12) is **DENIED.**

2. Plaintiff's Verified Emergency Motion to Require Deposit of Collateral Security (Doc. #14) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of September, 2008.

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record